## HINSON SNIPES, LLP

Princeton Forrestal Village
116 Village Blvd, Suite 307
Princeton, New Jersey 08540
By: Tracey C. Hinson, Esquire | NJ Attorney ID#: 034542002
Telephone: (609)452-7333 | Fax: (609)452-7332
Attorney for Plaintiff Elaine Corliss

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| **ELAINE CORLISS,**<br><br>              Plaintiff,<br><br>v.<br><br>**LACEY TOWNSHIP, CHIEF MICHAEL C. DIBELLA,** in his official and individual capacity, **TOWNSHIP OF OCEAN,** CHIEF MICHAEL J. ROGALSKI, in his official and individual capacity, **SGT. DARRELL NICK,** in his official and individual capacity, **FREDERICK ANDERSON, JR.,** in his official and individual capacity, **ANTHONY SARNO,** in his official and individual capacity, **NOAH SCHAFFER,** in his official and individual capacity, **JEFFREY SLOTA,** in his official and individual capacity, **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** in their official and individual capacities, and **ABC/XYZ DEPARTMENT, COMPANY OR CORPORATION, 1-20)** (fictitious | CIVIL ACTION NO:<br><br><br><br><br><br>**COMPLAINT, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL ATTORNEY** |

names),

        Defendants.

Plaintiff, **ELAINE CORLISS**, residing at 4 Herkimer Court, in the Township of Barnegat, County of Ocean, and State of New Jersey, by way of complaint against Defendants says:

## PRELIMINARY STATEMENT

This Complaint, arising from the egregious, outrageous, and unlawful acts of members of the Lacey Township and Ocean Township Police Departments, seeks compensatory and punitive damages and other relief pursuant to applicable state and federal civil rights law, specifically for the violation of Plaintiff **ELAINE CORLISS'S** rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and in violation of U.S.C. § 1983 and § 1988.

Claims on behalf of **ELAINE CORLISS** are also brought pursuant to N.J.S.A. 59:8-1 et seq., among other common law and statutory rights. Plaintiff **ELAINE CORLISS** seeks to vindicate her right to be free of the use of illegal and excessive force by Defendants.

## THE PARTIES

1.  Plaintiff **ELAINE CORLISS** is a citizen of the United States. She was and is always relevant hereto, a resident of the County of Ocean, and State of New Jersey.

2.    Defendant **LACEY TOWNSHIP ("TOWNSHIP")**, is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey. The **TOWNSHIP** is authorized under the laws of the State of New Jersey to maintain a police department, the Lacey Township Police Department, which acts as its agent in law enforcement and for which it is ultimately responsible. The **TOWNSHIP** assumes the risks incidental to the maintenance of its police force and the employment of its police officers.

3.    Defendant **LACEY TOWNSHIP** was, at all times relevant, responsible for policy making and the hiring, supervision, training, control and retention of the individually named Defendants.

4.    Defendant **TOWNSHIP OF OCEAN ("OCEAN TOWNSHIP")**, is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey. The **TOWNSHIP** is authorized under the laws of the State of New Jersey to maintain a police department, the Lacey Township Police Department, which acts as its agent in law enforcement and for which it is ultimately responsible. The **TOWNSHIP** assumes the risks incidental to the maintenance of its police force and the employment of its police officers.

5.    Defendant **OCEAN TOWNSHIP** was, at all times relevant, responsible for policy making and the hiring, supervision, training, control, and retention of the individually named

Defendants.

6.      Defendant **CHIEF MICHAEL C. DIBELLA**, is and was, at all times relevant, an officer, employee, and agent of the Lacey Police Department, a municipal agency of Defendant **LACEY TOWNSHIP**. He is sued in his individual and official capacity.

7.      Defendant **SGT. DARRELL NICK** is and was, at all times relevant, an officer, employee, and agent of the Lacey Police Department, a municipal agency of Defendant **LACEY TOWNSHIP**. He is sued in his individual and official capacity.

8.      Defendant **FREDERICK ANDERSON, JR.**, is and was, at all times relevant, an officer, employee, and agent of the Lacey Police Department, a municipal agency of Defendant **LACEY TOWNSHIP**. He is sued in his individual and official capacity.

9.      Defendant **ANTHONY SARNO** is and was, at all times relevant, an officer, employee, and agent of the Ocean Township Police Department, a municipal agency of Defendant **OCEAN TOWNSHIP**. He is sued in his individual and official capacity.

10.      Defendant **NOAH SCHAFFER** is and was, at all times relevant, an officer, employee, and agent of the Ocean Township Police Department, a municipal agency of Defendant **OCEAN TOWNSHIP**. He is sued in his individual and official capacity.

11.      Defendant **JEFFREY SLOTA** is and was, at all times relevant, an officer, employee, and agent of the Ocean Township Police Department, a municipal agency of Defendant **OCEAN TOWNSHIP**.

He is sued in his individual and official capacity.

12.    Defendant **CHIEF MICHAEL J. ROGALSKI**, is and was, at all times relevant, an officer, employee, and agent of the Ocean Township Police Department, a municipal agency of Defendant **OCEAN TOWNSHIP.** He is sued in his individual and official capacity.

13.    Defendants **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20** are and were, at all times relevant, officers, lieutenants, chiefs, captains, supervisors, directors, and agents of Lacey Township and Ocean Township Police Departments, municipal agencies of Defendants **LACEY TOWNSHIP** and **OCEAN TOWNSHIPS.**

14.    Defendants **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20** are and were, at all times relevant, officers, lieutenants, chiefs, captains, supervisors, directors, employees, representatives or agents of the Lacey Township and Ocean Township Police Departments, whose actual identities are presently unknown, who were acting in the capacity of agents, servants, and employees of Defendants **LACEY TOWNSHIP** and **OCEAN TOWNSHIPS,** and any other individual, entity, company, or corporation, whose actual identities are presently unknown, who were acting within the scope of their employment and whose actions assisted and/or contributed to the unlawful, unconstitutional and tortious conduct that resulted in **ELAINE CORLISS'S** injuries and damages. They are sued in their individual

and official capacities.

15.   Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, NICK, DIBELLA,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** were at all times relevant, on duty with the **LACEY TOWNSHIP** Police Department on March 24, 2021, and were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of Defendant **LACEY TOWNSHIP** Police Department in engaging in the conduct described herein.

16.   Defendant **ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** were at all times relevant, on duty with the **OCEAN TOWNSHIP** Police Department on March 24, 2021, and were acting under the color of state law in the course and scope of their duties and functions as agents, employees, and officers of Defendant **OCEAN TOWNSHIP** in engaging in the conduct described herein.

## FACTUAL ALLEGATIONS

17.   On March 5, 2013, at approximately 10:00 p.m., Plaintiff **ELAINE CORLISS** was involved in a two-car accident on Route 9 at its intersection in Forked River, New Jersey.

18.   Defendants **ANDERSON, SARNO, SCHAFFER,** and **SLOTA,** members of the **OCEAN TOWNSHIP** Police Department, responded to the scene.

19.  **ANDERSON** conducted field sobriety tests on **MS. CORLISS**, which she allegedly failed.

20.  **MS. CORLISS** was arrested and charged with Driving Under the Influence of Alcohol or Controlled Substance, and summary traffic offenses.

21.  **ANDERSON** placed **MS. CORLISS** under arrest, handcuffed her, and led her to the back of a police cruiser for transport.

22.  **MS. CORLISS** was initially transported to **OCEAN TOWNSHIP** Police Department Headquarters ("Waretown PD"), and subsequently transported to the **LACEY TOWSHIP** Police Headquarters ("LTPD"), because the breathalyzer machine at the LTPD was broken.

23.  **MS. CORLISS** told **ANDERSON** that the handcuffs were exceptionally tight, that her wrists were hurting, and requested that **ANDERSON** loosen them. **ANDERSON** did not loosen the handcuffs.

24.  On arrival at Waretown PD, **MS. CORLISS** repeatedly complained to **ANDERSON** and two officers that the handcuff on her wrists was extremely tight and was causing severe pain, but she was ignored. She was told by one of the officers that the handcuffs "were meant to be tight."

25.   The pain was so severe, **MS. CORLISS** continued to tearfully beg the officers to check the left handcuff as the pain was excruciating but once again, her pleas were ignored.

26.   Once the breathalyzer test was completed, **ANDERSON** again placed **MS. CORLISS** in his police cruiser for transport to Lacey Township PD.

27.   Before and during transport, and on arrival at LTPD, **MS. CORLISS** repeatedly complained of pain and begged and pleaded with **ANDERSON** to loosen the handcuffs. However, **ANDERSON** refused.

28.   The handcuffs were never checked or loosened for hours.

29.   The handcuffs were finally removed when **MS. CORLISS** was about to have her fingerprints taken, revealing both wrists were visibly raw, red, and swollen, especially the left wrist.

31.   **MS. CORLISS** again complained to the officers at **LTPD** that her left wrist was in severe pain, stinging and burning, but the officers failed to perform first aid on **MS. CORLISS** and failed to take reasonable steps to provide her with prompt medical attention.

32.   At no time during this incident did **MS. CORLISS** attempt to or resisted arrest.

33.   In fact, the officers thanked her for being so compliant, told her she would be able to plea the charges down, and released her.

34.  **MS. CORLISS'S** sustained severe and permanent physical injuries to her left wrist. She was diagnosed with a crushing injury and neuritis to her left wrist, which is her dominant hand, a traumatic 4.4Lcm X 4.5Wcm open wound with skin tears, and first degree burns, and abrasions, which became infected and required treatment with two separate antibiotics.

35.  **MS. CORLISS'S** injuries were so severe, she underwent surgery and is left with a  permanent disfiguring scar. She also suffered and continues to suffer from permanent emotional injuries from this incident, for which she sought psychiatric treatment.

36.  The severe use of excessive force from applying the handcuffs so tight, they caused severe permanent injuries, was unlawful, unprovoked, and unjustified.

37.  **MS. CORLISS** was unarmed, presented no threat, and posed no danger to Defendants while in the custody of **LACEY** and **OCEAN TOWNSHIP** Police Departments.

38.  **MS. CORLISS** did not engage in any action that justified Defendants refusal to loosen and/or adjust the handcuffs when Defendants knew they were too tight and was causing her pain.

39.  The official reporting of **MS. CORLISS'S** arrest and the incident obtained to date makes no mention of the use of excessive force or the severity of the physical injuries sustained by **MS. CORLISS**. Nor does it mention that she was transported by ambulance to the hospital.

## <u>FIRST COUNT – LACEY TOWNSHIP</u>
### (Municipal and Governmental Liability)

40.  The excessive force used on **MS. CORLISS** by Defendants **ANDERSON** and **JOHN/JANE DOE OFFICERS 1-5,** and the subsequent cover up of the incident by **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** along with members of the **LACEY TOWNSHIP** Police Department (whose identities are currently unknown), was not an isolated or aberrational incident. It was the direct result of systemic deficiencies in the training, supervision, and discipline of WPD and LTPD Officers, including the individual named Defendants, that began long before the excessive use of force on **MS. CORLISS** and continue to this day.

41.  Defendants **LACEY TOWNSHIP** and its police department developed, implemented, enforced, encouraged, and sanctioned a de facto policy, practice and/or custom of the use of unreasonable and excessive force on citizens and coverup of these incidents.

42.  Members of the **LACEY TOWNSHIP** Police Department, have a systematic and documented history of aggressive police practices, including falsifying reports, sham Internal Affairs investigations, engaging in coverups, unlawful arrests, and malicious prosecution, and use of excessive force against the public.

43.  Prior to and after the unprovoked use of excessive force against **ELAINE CORLISS** on March 24, 2021, there were other incidents of unjustified use of force, coverups, falsifying reports, false arrest, and malicious prosecution by Police Officers employed by the **LACEY TOWNSHIP** Police Department.

44.  Specifically, there have been numerous complaints of civil rights violations, including use of excessive force, false arrest and malicious prosecution filed against Defendant **LACEY TOWNSHIP** and its officers.

45.  From 2012 to 2016, there were approximately two hundred and four (204) incidents where use of force has been documented by **LACEY TOWNSHIP** Police Department. **LACEY TOWNSHIP** police officers used force at a higher rate than two hundred and forty (240) Police Departments in New Jersey.

46.  From 2012 to 2016, Defendant **ANDERSON** has had approximately eight (8) documented incidents involving use of force.

47.  From 2012 to 2016, Defendant **SARNO** has had approximately eight (8) documented incidents involving use of force.

48.  From 2012 to 2016, Defendant **SCHAFFER** has had approximately seven (7) documented incidents involving use of force.

49.  From 2012 to 2016, Defendant **SLOTA** has had approximately six (6) documented incidents involving use of force.

50.   Defendant **LACEY TOWNSHIP**, through its internal affairs department at the Lacey Township Police Department and its police officers, have engaged in past practices and policy of exhibiting deliberate indifference to complaints of violations of constitutional rights by citizens such as Plaintiff **ELAINE CORLISS**, against police officers who were employed by or act as agents of **LACEY TOWNSHIP.**

51.   **LACEY TOWNSHIP'S** scandal plagued internal affairs department at LTPD is a complete sham, and, as such, created an environment wherein officers believe they can act unlawfully without any repercussions or discipline. Such past policy and practice are directly linked to the violation of the constitutional rights of Plaintiff **ELAINE CORLISS** because such past policy and practice encourage violations by police officers such as the individually named Defendants.

52.   Defendants, collectively and individually, while acting under the color of law, engaged in conduct that constituted a custom, policy, usage, practice, procedure or rule of Defendant **LACEY TOWNSHIP** and its Police Department, which is forbidden by the New Jersey State Constitution.

53.   The aforementioned customs, policies, usages, practices, procedures and rules of Defendant **LACEY TOWNSHIP** Police Department, and its police officers included the use of excessive force against Plaintiff **ELAINE CORLISS** and other innocent

citizens, conspiracy to deprive Plaintiff **ELAINE CORLISS** of her civil rights, creation of false reports, withholding of evidence, and cover up.

54. Defendant **LACEY TOWNSHIP** by and through its employees, including **DIBELLA**, and **NICK**, engaged in a policy, custom and practice of inadequate screening, hiring, and retention of its employees, including the named Defendants, and which was the moving force behind the violation of **ELAINE CORLISS'S** rights described herein.

55. Defendant **LACEY TOWNSHIP** and its police department were negligent and/or reckless in its hiring and retention of Police Officers, including the individual named Defendants.

56. Defendant **LACEY TOWNSHIP** by and through its employees, including **DIBELLA**, and **NICK**, provided grossly deficient training and supervision to its Police Officers, including the individual named Defendants, concerning for example, the use of excessive force, despite actual and/or constructive notice that officers, including Defendants Defendant **LACEY TOWNSHIP** by and through its employees, including **ANDERSON, SARNO, SCHAFFER,** and **SLOTA** were improperly trained, were in need of supervision, and were violating minimally accepted police practices.

57. Defendants **LACEY TOWNSHIP** through its Internal Affairs Department, failed to impose discipline or investigate misconduct on the part of its Police Officers, including the named Defendants

herein, prior to and including in this case, despite actual and constructive notice that these officers engaged in a pattern of using excessive force and violating the constitutional rights of citizens.

58.  As a result of Defendants **LACEY TOWNSHIP, DIBELLA**, and **NICK'S** failure to properly screen, hire, retain, train, supervise, discipline their employees, and remedy constitutional violations by its officers, including the named Defendants herein, Defendants **LACEY TOWNSHIP, DIBELLA**, and **NICK** explicitly and implicitly authorized, ratified and condoned Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA**, and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS**, and **SUPERVISORS 1-20's** illegal conduct, and has been deliberately indifferent to the acts and conduct complained of herein.

59.  The foregoing customs, policies, usages, practices, procedures, and rules constitute deliberate indifference to the safety, well-being and State constitutional rights of Plaintiff **ELAINE CORLISS** and was the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff.

60.  On June 21, 2021, a written Notice of Claim was served, via certified mail, upon Defendant **LACEY TOWNSHIP**.

61.  On June 17, 2021, a written Notice of Claim was served, via certified mail, upon Defendant **OCEAN TOWNSHIP** and/or **WARETOWN POLICE DEPARTMENT.**

62.  At least six months have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

63.  All the acts and omissions committed by Defendants described herein for which liability is claimed were done unlawfully, maliciously, wantonly, recklessly, with deliberate indifference, negligently and/or with bad faith, and said acts meet all the standards for imposition of punitive damages.

64.  All the acts and omissions committed by Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20's** described herein for which liability is claimed were conducted in their individual and official capacities.

65.  As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

## SECOND COUNT
### (42 U.S.C. § 1983 Unreasonable and Excessive Force)

66.  Plaintiff **ELAINE CORLISS,** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

67.   Defendants **ANDERSON,   SARNO,   SCHAFFER,   SLOTA,** and **JOHN/JANE DOE POLICE OFFICERS 1-5's** unlawful use of unreasonable and excessive force showed deliberate indifference for the life and safety of Plaintiff **ELAINE CORLISS.**

68.   Defendants **ANDERSON,   SARNO,   SCHAFFER,   SLOTA,** and **JOHN/JANE DOE POLICE OFFICERS 1-5's** negligent, careless, reckless, and wanton acts of conspiring to use excessive force and/or their failure to intervene showed deliberate indifference for the life and safety of Plaintiff **ELAINE CORLISS.**

69.   By their conduct, Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA,** and **JOHN/JANE DOE POLICE OFFICERS 1-5** deprived Plaintiff **ELAINE CORLISS** of her right to be free from excessive and unreasonable use of force under the Fourth and Fourteenth Amendment of the United States Constitution.

70.   As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

**THIRD COUNT**
**(Common Law Assault and Battery)**

71.   Plaintiff **ELAINE CORLISS** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

72.   In assaulting and injuring Plaintiff, Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA,** and **JOHN/JANE DOE POLICE OFFICERS 1-5,** were acting in their individual and official capacity

as **LACEY TOWNSHIP** police officers and within the scope of their employment, committed an unlawful and unwarranted assault and battery upon Plaintiff.

73. Defendant **LACEY TOWNSHIP**, as employer of Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA,** and **JOHN/JANE DOE POLICE OFFICERS 1-5,** are responsible for their wrongdoing under the doctrine of <u>respondent superior</u> and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> § 59-2-2, et seq.

74. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above; Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

<u>FOURTH COUNT</u>
(Common Law Negligence – All Defendants)

75. Plaintiff **ELAINE CORLISS**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

76. Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** acting in their individual and official capacity as **LACEY TOWNSHIP** and **OCEAN TOWNSHIP** police officers and within the scope of their employment, negligently used excessive force on Plaintiff, assault and battered, failed to intervene to prevent the unlawful use of excessive force, and negligently failed to provide prompt and adequate medical care to Plaintiff **ELAINE CORLISS** after she was

the victim of the unreasonable and excessive use of force which resulted in the severe injuries described above.

77. Defendants LACEY TOWNSHIP and **OCEAN TOWNSHIP**, as employer of Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** are responsible for their wrongdoing under the doctrine of respondent superior and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, et seq.

78. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above; Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

## FIFTH COUNT
### (42 U.S.C. § 1983 Conspiracy)

79. Plaintiff **ELAINE CORLISS**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

80. Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** under color of state law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident and to injure, oppress, threaten, and intimidate Plaintiff **ELAINE CORLISS** in the free exercise and enjoyment of the rights and privileges and equal

protection of the law secured to her by the United States Constitution, including the right to be free from the excessive and unreasonable use of force; the right to be free from the delay and denial of medical attention; the right to be free from unnecessary and wanton infliction of pain; and the right not to be deprived of his liberty without due process of law.

81.    Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** took numerous overt steps in furtherance of such conspiracy, as set forth above, and by preparing false reports of the incident, failing to conduct an adequate and thorough Internal Affairs Investigation, and either deliberately destroying or fraudulently concealing videotape(s) of the incident.

82.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

## SIXTH COUNT
### (42 U.S.C. § 1983 Deliberate Indifference to Medical Needs)

83.    Plaintiff **ELAINE CORLISS,** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

84.    Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** under color of state law, after physically injuring Plaintiff **ELAINE CORLISS** and being advised she was in pain and in need of medical assistance, failed to provide prompt and medical assistance and/or interfered in the efforts of others to provide medical assistance to Plaintiff **ELAINE CORLISS** while she was in their custody, with deliberate indifference to Plaintiff's medical needs which constitutes cruel and unusual punishment in violation of Plaintiff's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

85.    As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above; Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

## SEVENTH COUNT
### (Negligent Hiring & Retention)

86.    Plaintiff **ELAINE CORLISS** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

87.    Defendants **LACEY TOWNSHIP** and **OCEAN TOWNSHIP** were responsible for the recruiting, hiring, training and ongoing supervision of the officers of the Lacey and Waretown Police Departments.

88.   Defendants had a duty to properly ascertain its police officers' fitness to become police before they were hired as officers of Lacey and Waretown Police Departments.

89.   Defendants **LACEY TOWNSHIP** and **OCEAN TOWNSHIP** failed to properly determine the fitness of Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20**, to be hired as police officers, chiefs, and lieutenants of the Lacey and Waretown Police Departments to ensure they would not violate Plaintiff **ELAINE CORLISS'S** civil rights.

90.   Defendants knew, or in the exercise of due diligence should have known that these Defendants were not fit for duty and that the inappropriate, unlawful, and tortuous conduct of Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** was likely to occur.

91.   Defendants were aware of numerous prior incidents that should have alerted them to the potential unlawful conduct of Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20.**

92.   Defendants were at the very least aware of the numerous citizens' complaints of excessive force, coverup, false arrest and malicious prosecution against Defendants **ANDERSON, SARNO,**

SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI, and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** and other members of their respective Police Departments. Yet, Defendants did nothing to prevent the ongoing unlawful actions  of its police officers or to terminate these rogue officers.

93. Defendants failed to take preventive and remedial measures to guard against the constitutional violations committed by Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20.** Had they taken the appropriate action, Plaintiff **ELAINE CORLISS** would not have been physically assaulted and injured.

94. The failure of this Defendant to properly ascertain Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA, DIBELLA, NICK, ROGALSKI,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** fitness for employment and to monitor their continued fitness for duty, amounted to gross negligence, deliberate indifference, or reckless misconduct which directly caused and was the moving force behind the deprivations suffered by Plaintiff **ELAINE CORLISS.**

95. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above; Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

**EIGHTH COUNT**
**(Negligent Training and Supervision)**

96.  Plaintiff **ELAINE CORLISS**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

97.  Defendants **DIBELLA**, **HICKS**, and **ROGALSKI**, as supervisory personnel at the **LACEY TOWNSHIP** and the **OCEAN TOWNSHIP**, owed a duty of care to **MS. CORLISS** to prevent the conduct alleged, which foreseeably caused her severe and permanent injuries.

98.  Defendants **DIBELLA**, **HICKS**, and **ROGALSKI**, as supervisory personnel at the **LACEY TOWNSHIP** and the **OCEAN TOWNSHIP**, were responsible for the training and ongoing supervision of the officers of the Lacey and Waretown Police Departments, including the named Defendants.

99.  Defendants **LACEY TOWNSHIP** and the **OCEAN TOWNSHIP** and their employees, **DIBELLA**, **HICKS**, and **ROGALSKI**, had a duty to properly train and supervise the officers of the Lacey and Waretown Police Departments, including the named Defendants, to ensure they did not violate the constitutional rights of citizens.

100. Defendants **LACEY TOWNSHIP** and the **OCEAN TOWNSHIP** and their employees, **DIBELLA**, **HICKS**, and **ROGALSKI**, failed to properly train, supervise, and discipline Defendants **ANDERSON**, **SARNO**, **SCHAFFER**, **SLOTA**, and **JOHN/JANE DOE OFFICERS**, **SERGEANTS**, **LIEUTENANTS**, **CHIEFS**, **DIRECTORS**, and **SUPERVISORS 1-20**, to ensure they did not violate the constitutional rights of citizens,

including Plaintiff **ELAINE CORLISS.**

101. The failure of Defendants to train, supervise and discipline Defendants **ANDERSON, SARNO, SCHAFFER, SLOTA,** and **JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS,** and **SUPERVISORS 1-20,** amounted to gross negligence, deliberate indifference, or reckless misconduct which directly caused and was the moving force behind the deprivations suffered by Plaintiff **ELAINE CORLISS.**

102. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above; Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

<u>**NINTH COUNT**</u>
**(Violation of the New Jersey Civil Rights Act
<u>N.J.S.A.</u> 10:6-1 to 2)**

103. Plaintiff **ELAINE CORLISS** repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

104. Defendants, under color of statute, ordinance, reputation, custom and usage have deprived and cause Plaintiff **ELAINE CORLISS** to be subjected to the deprivations of rights, privileges and immunities secured by the New Jersey Constitution and law of the State of New Jersey, including his right to liberty, his right to be secure as a person against unreasonable searches and seizures, his right to be secure as a person against excessive use of force, and his right to freedom of association secured to

her by the New Jersey State Constitution.

105. Defendants, acting under color of law, unlawfully deprived Plaintiff **ELAINE CORLISS** of her civil rights by, inter alia, seizing her, using excessive force against her, failing to intervene to prevent the unlawful acts against her, failing to render timely medical aid to her, and failing to properly hire, train, retain and supervise police officers.

106. Defendants' acts were done in knowing violation of Plaintiff **ELAINE CORLISS'S** legal and constitutional rights and have caused Plaintiff **ELAINE CORLISS'S** injuries, including physical injury, humiliation, mental pain and suffering and emotional distress.

107. Defendants' deprivation of Plaintiff **ELAINE CORLISS'S** civil rights violates the New Jersey Constitution and gives rise to Plaintiff **ELAINE CORLISS'S** claims for redress under N.J.S.A. 10:6-1 et seq.

108. Based on the aforesaid conduct, Defendants, acting under color of law, deprived and interfered with using excessive force, intimidation or coercion, the exercise or enjoyment by Plaintiff **ELAINE CORLISS** of the rights guaranteed to her by the New Jersey Constitution including, but not limited to:

a)    The right to enjoy and defend life and liberty;

b)    The right to pursue and obtain safety and happiness;

c)    The right to due process of law;

d)   The right to equal protection of the laws;

e)   The right to be secure from unreasonable searches and seizures;

f)   The right to any other natural and unalienable right retained by the people;

g)   The right to privacy; and

h)   The right to be free of cruel and unjust punishment.

109. As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Plaintiff **ELAINE CORLISS** sustained the damages hereinbefore alleged.

<u>**TENTH COUNT**</u>
<u>**Negligent and Intentional Infliction of**</u>
<u>**Emotional Distress**</u>

110. Plaintiff **ELAINE CORLISS**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

111. Defendants acted unlawfully and recklessly with deliberate disregard of a high degree of probability that emotional distress will follow. Defendants' conduct was extreme and so outrageous in character and degree as to go beyond all possible bounds of decency. Defendants' conduct was so atrocious, it is utterly intolerable in a civilized community.

112. As a direct and proximate result of Defendants' actions, Plaintiff **ELAINE CORLISS** has suffered and continues to suffer such severe and substantial emotional distress and mental harm which no reasonable person could be expected to endure.

## COUNT XV1
## Punitive Damages

113. Plaintiff **ELAINE CORLISS**, repeats and realleges the foregoing paragraphs of the Complaint as if same were fully set forth at length herein.

114. The acts of the Individually named Defendants as set forth herein, were willful, wanton, malicious and oppressive, to entitle the Plaintiff to an award of punitive damages against Defendants Officers.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

a.   Assume jurisdiction over this action;

b.   Award Plaintiff actual damages, expenses and other economic losses;

c.   Award compensation damages for injury, mental anguish, and emotional distress, in an amount to be determined by the enlightened conscience of an impartial jury;

d.   Award punitive (exemplary) damages against the individual Defendants, to the extent permitted by law, and award fees and expenses;

e.   Declare that Defendants violated **MS. CORLISS'S** rights under the United States Constitution;

f.   Award attorney's fees, pursuant to 42 U.S.C. §1988 and any other applicable provision(s) of state and federal law, and costs; and,

g.   Award such other and further relief as the Court deems just and proper.

## <u>CERTIFICATION</u>

PLEASE TAKE NOTICE pursuant to the provisions of <u>R</u>.4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

## <u>DEMAND FOR A "LITIGATION HOLD"</u>

Plaintiff demands that each and every Defendant protect and preserve: (1) any and all documents and electronic files, including emails and text messages, that refer or relate to **ELAINE CORLISS**; (2) any and all training materials created or used by the NJDOC between 2010 to the present; (3) any and all General Orders promulgated by the **LACEY TOWNSHIP** and **the OCEAN TOWNSHIP** between January 1, 2010 the present; (4) the correction manual in effect during the times set forth in this Complaint; (5) all files that refer or relate to Defendants' investigation into any incidents or changes pertaining to **ELAINE CORLISS**; (6) all internal affairs and/or investigation files that refer or relate to any incidents involving Darrell Smith or any the Defendants; and (7) any and all other matters at issue in this litigation. If there is any policy or procedure to automatically destroy documents or electronic files, including emails, after a specified time to immediately

suspend said policy and procedure until the conclusion of this case.

## REQUEST FOR DISCOVERY OF INSURANCE

Demand is hereby made that each Defendants respond to the Request for Discovery of Insurance attached herein.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that TRACEY C. HINSON and ERIC DAKHARI, are hereby designated as trial counsel in the above-captioned litigation for the firm of Hinson Snipes, LLP.

## JURY DEMAND

PLEASE TAKE NOTICE that the Plaintiff demand a trial by jury as to all issues so triable.

## NOTICE OF UTILIZATION OF TIME-UNIT BASIS

PLEASE TAKE NOTICE Plaintiff intend to utilize the time-unit basis for calculating unliquidated damages in Plaintiff' closing statement to the jury and the Court.

*HINSON SNIPES, LLP*

Attorneys for Plaintiff

By: /s/Tracey C. Hinson
Tracey C. Hinson, Esquire

Dated: March 22, 2023