**DASTI, MURPHY, McGUCKIN,**
**ULAKY & CONNORS**
620 West Lacey Road
Forked River, New Jersey 08731
(609) 971-1010  FAX (609) 971-7093
Attorneys for **Defendants, Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

| | |
|---|---|
| **ELAINE CORLISS,**<br><br>                    Plaintiff,<br><br>    vs.<br><br>**LACEY TOWNSHIP, CHIEF MICHAEL C. DIBELLA, in his official and individual capacity, TOWNSHIP OF OCEAN, CHIEF MICHAEL J. ROGALSKI, in his official and individual capacity, SGT. DARREL NICK, in his official and individual capacity, FREDERICK ANDERSON, JR., in his official and individual capacity, ANTHONY SARNO, in his official and individual capacity, NOAH SCHAFFER, in his official and individual capacity, JEFFREY SLOTA, in his official and individual capacity, JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS and SUPERVISORS 1-20, in their official and individual capacity, and ABC/XYZ DEPARTMENT, COMPANY OR CORPORATION, 1-20** (fictitious)<br><br>                    Defendants. | CIVIL ACTION NO.: 3:23-cv-1653<br><br>**ANSWER AND SEPARATE DEFENSES** |

Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno** a *Lacey Township Police Officer improperly pled as a police officer of Ocean Township*, **Noah Schaffer** a *Lacey Township Police Officer*

*improperly pled as a police officer of Ocean Township*, **and Jeffrey Slota** a *Lacey Township Police Officer improperly pled as a police officer of Ocean Township*, by way of Answer to the Complaint, say:

## PRELIMINARY STATEMENT

1. The allegations in the preliminary statement are denied.

## PARTIES

1. The allegations in this paragraph are denied.
2. The allegations in this paragraph are denied.
3. The allegations in this paragraph are denied.
4. The answering defendants are without sufficient information to answer or deny this paragraph as it is directed against a different defendant.
5. The answering defendants are without sufficient information to answer or deny this paragraph as it is directed against a different defendant.
6. The allegations in this paragraph are denied.
7. The allegations in this paragraph are denied.
8. The allegations in this paragraph are denied.
9. The allegations in this paragraph are denied.
10. The allegations in this paragraph are denied.
11. The allegations in this paragraph are denied.
12. The allegations in this paragraph are denied.
13. The allegations in this paragraph are denied.
14. The allegations in this paragraph are denied.
15. The allegations in this paragraph are denied.
16. The allegations in this paragraph are denied.

## FACTUAL ALLEGATIONS

17. The allegations in this paragraph are denied.
18. The allegations in this paragraph are denied.

**DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

19. The allegations in this paragraph are denied.

20. The allegations in this paragraph are denied.

21. The allegations in this paragraph are denied.

22. The allegations in this paragraph are denied.

23. The allegations in this paragraph are denied.

24. The allegations in this paragraph are denied.

25. The allegations in this paragraph are denied.

26. The allegations in this paragraph are denied.

27. The allegations in this paragraph are denied.

28. The allegations in this paragraph are denied.

29. The allegations in this paragraph are denied.

30. The allegations in this paragraph are denied.

31. The allegations in this paragraph are denied.

32. The allegations in this paragraph are denied.

33. The allegations in this paragraph are denied.

34. The allegations in this paragraph are denied.

35. The allegations in this paragraph are denied.

36. The allegations in this paragraph are denied.

37. The allegations in this paragraph are denied.

38. The allegations in this paragraph are denied.

39. The allegations in this paragraph are denied.

## FIRST-COUNT LACEY TOWNSHIP

### (Municipal and Governmental Liability)

40. The allegations in this paragraph are denied.

41. The allegations in this paragraph are denied.

42. The allegations in this paragraph are denied.

43. The allegations in this paragraph are denied.

**DASTI, MURPHY McGUCKIN, ULAKY & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

44. The allegations in this paragraph are denied.

45. The allegations in this paragraph are denied.

46. The allegations in this paragraph are denied.

47. The allegations in this paragraph are denied.

48. The allegations in this paragraph are denied.

49. The allegations in this paragraph are denied.

50. The allegations in this paragraph are denied.

51. The allegations in this paragraph are denied.

52. The allegations in this paragraph are denied.

53. The allegations in this paragraph are denied.

54. The allegations in this paragraph are denied.

55. The allegations in this paragraph are denied.

56. The allegations in this paragraph are denied.

57. The allegations in this paragraph are denied.

58. The allegations in this paragraph are denied.

59. The allegations in this paragraph are denied.

60. The allegations in this paragraph are denied.

61. The allegations in this paragraph are denied.

62. The allegations in this paragraph are denied.

63. The allegations in this paragraph are denied.

64. The allegations in this paragraph are denied.

65. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

**DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

## SECOND COUNT
### (42 U.S.C. § 1983 Unreasonable and Excessive Force)

66. The allegations in this paragraph are denied.

67. The allegations in this paragraph are denied.

68. The allegations in this paragraph are denied.

69. The allegations in this paragraph are denied.

70. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Common Law Assault and Battery)

71. The allegations in this paragraph are denied.

72. The allegations in this paragraph are denied.

73. The allegations in this paragraph are denied.

74. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## FOURTH COUNT
### (Common Law Negligence – All Defendants)

75. The allegations in this paragraph are denied.

76. The allegations in this paragraph are denied.

77. The allegations in this paragraph are denied.

**DASTI, MURPHY McGUCKIN, ULAKY & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

78. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### FIFTH COUNT

### (42 U.S.C. § 1983 Conspiracy)

79. The allegations in this paragraph are denied.

80. The allegations in this paragraph are denied.

81. The allegations in this paragraph are denied.

82. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

### SIXTH COUNT

### (42 U.S.C. § 1983 Deliberate Indifference to Medical Needs)

83. The allegations in this paragraph are denied.

84. The allegations in this paragraph are denied.

85. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

## SEVENTH COUNT

### (Negligent Hiring & Retention)

86. The allegations in this paragraph are denied.

87. The allegations in this paragraph are denied.

88. The allegations in this paragraph are denied.

89. The allegations in this paragraph are denied.

90. The allegations in this paragraph are denied.

91. The allegations in this paragraph are denied.

92. The allegations in this paragraph are denied.

93. The allegations in this paragraph are denied.

94. The allegations in this paragraph are denied.

95. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## EIGHTH COUNT

### (Negligent Training and Supervision)

96. The allegations in this paragraph are denied.

97. The allegations in this paragraph are denied.

98. The allegations in this paragraph are denied.

99. The allegations in this paragraph are denied.

100. The allegations in this paragraph are denied.

101. The allegations in this paragraph are denied.

102. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt.**

**DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS**

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

**Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## NINTH COUNT

### (Violation of the New Jersey Civil Rights Act N.J.S.A. 10:6-1 to 2)

103. The allegations in this paragraph are denied.

104. The allegations in this paragraph are denied.

105. The allegations in this paragraph are denied.

106. The allegations in this paragraph are denied.

107. The allegations in this paragraph are denied.

108. The allegations in this paragraph are denied.

109. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## TENTH COUNT

### (Negligent and Intentional Infliction of Emotional Distress)

110. The allegations in this paragraph are denied.

111. The allegations in this paragraph are denied.

112. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## ELEVENTH COUNT

### (Punitive Damages)

113. The allegations in this paragraph are denied.

114. The allegations in this paragraph are denied.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing the Complaint with prejudice, for reasonable attorney's fees, costs of suit, and for such other relief as the Court deems equitable and just.

## SEPARATE DEFENSES

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. Defendants were not negligent.

3. Injuries complained of are the result of plaintiff's own negligence.

4. The accident and injuries alleged were caused or contributed to by the negligence of others over whom these Defendants have no control and for whom they had no legal liability.

5. While denying any negligence for the accident and injuries alleged, should the negligence of Plaintiffs be found to be not greater than that of Defendants, these Defendants demand damages be diminished by this percentage of negligence attributable to Plaintiffs, pursuant to the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

6. This suit is barred by the Statute of Limitations.

7. The applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2, as to the immunities available to the public entity and/or public employee are asserted.

8. The applicability of the provisions of N.J.S.A. 59:2-3 and N.J.S.A. 59:3-2, as to the absence of liability from the exercise of judgment or discretion are asserted.

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

9. The applicability of the provisions of N.J.S.A. 59:2-4, N.J.S.A. 59:3-3 and N.J.S.A. 59:3-4, as to the non-liability for any injury caused by adopting or failing to adopt a law or by failing to enforce a law are asserted.

10. The applicability of the provisions of N.J.S.A. 59:3-5 as to the non-liability of a public employee for an injury caused by its adoption or failure to adopt any law or by its failure to enforce any law are asserted.

11. The applicability of the provisions of N.J.S.A. 59:5-4 as to the failure to provide police protection service are asserted.

12. The applicability of the provisions of N.J.S.A. 59:8-3 through N.J.S.A. 59:8-7 regarding failure to provide adequate notice of claim are asserted.

13. The applicability of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11 regarding failure to timely file notice of claim are asserted.

14. The applicability of the provisions of N.J.S.A. 59:9-1 through N.J.S.A. 59:9-7 concerning conditions of suit and judgment are asserted.

15. The accident and injuries alleged were caused or contributed to by the negligence of others over whom this defendant had no control and for whom he has no legal liability.

16. At all times mentioned in the Complaint any and all actions or omissions of the defendant relating in any way to plaintiff's alleged damages involved decisions of the defendants within an area of non-actionable governmental discretion. By virtue of the said discretion, defendants are not liable to any party herein.

17. At all times defendants acted in good faith and accordingly are immune from any liability to the plaintiff.

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

18. These defendants did not act in any conspiracy against the plaintiff.

19. Plaintiff's civil rights were not violated.

20. These defendants acted in good faith and based on reasonable cause in arresting the plaintiff.

21. These defendants had probable cause to arrest the plaintiff.

22. At all times pertinent to the allegations contained within the plaintiff's complaint, these defendants acted within the boundaries of their lawful authority.

23. These defendants, at no time pertinent to the allegations contained within plaintiff's complaint, acted intentionally, knowingly or maliciously in such a manner so as to cause the injuries alleged by the plaintiff.

24. At all times pertinent to the allegations contained within plaintiff's complaint, these defendants acted reasonably and properly in the execution of their duties.

25. These defendants are entitled to qualified immunity.

26. These defendants are entitled to absolute immunity.

27. These defendants were acting in accordance with clearly established standards and accordingly are not liable to the plaintiff.

28. Any force used by the defendants was reasonable and necessary and was in response to plaintiff's actions.

29. Any search of the plaintiff was incident to a lawful arrest and based upon probable cause.

30. Defendants' actions were reasonable and necessary in order to protect themselves and/or other parties.

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

31. The municipal defendants and all defendants acting in their official capacity are immune from punitive damages under the Civil Rights Act, 42 *U.S.C.* § 1983 and the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

32. The cause of action alleged by the plaintiff is not cognizable under the Civil Rights Act, 42 *U.S.C.* § 1983 and 1985.

33. Plaintiff's complaint is barred by the Doctrine of Collateral Estoppel.

34. The Doctrine of *Respondeat Superior* does not apply in civil actions brought under 42 *U.S.C.* § 1983.

35. The complaint is insufficient and violates the Local Civil Rules governing the District of New Jersey.

36. Plaintiff fails to state a *Monell* claim.

37. Defendants hereby reserve the right to interpose such other defenses and objections as continuing discovery may disclose.

## COUNTERCLAIM FOR ATTORNEYS' FEES

1. The allegations contained in the Plaintiff's complaint and any amended complaint are frivolous, groundless, and without merit as to the answering Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota.**

2. 42 U.S.C. § 1988 provides for the allowance of reasonable attorneys' fees to the prevailing party in an action or proceeding arising out of an alleged violation of § 1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

## CROSS-CLAIM FOR CONTRIBUTION

Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota.**, demand contribution from Co-Defendants, **TOWNSHIP OF OCEAN, CHIEF MICHAEL J. ROGALSKI JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS and SUPERVISORS 1-20, in their official and individual capacity, and ABC/XYZ DEPARTMENT, COMPANY OR CORPORATION, 1-20**, in accordance with the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1 et seq.

## CROSS-CLAIM FOR INDEMNIFICATION

While not admitting liability herein, if it is determined that Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, were guilty of negligence, such negligence was vicarious, passive and secondary and that it was the negligence of Co-Defendants, **TOWNSHIP OF OCEAN, CHIEF MICHAEL J. ROGALSKI JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS and SUPERVISORS 1-20, in their official and individual capacity, and ABC/XYZ DEPARTMENT, COMPANY OR CORPORATION, 1-20**, which was active, primary and the proximate cause of Plaintiffs' damages; and Defendants herein demand indemnification against said Co-Defendants for the amount of any judgment as against Defendants herein and costs.

## CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any liability to Plaintiffs for the accident and injuries alleged, should liability be adjudged, Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, seek

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

indemnity, together with attorneys' fees and costs of suit, from Co-Defendants, **TOWNSHIP OF OCEAN, CHIEF MICHAEL J. ROGALSKI JOHN/JANE DOE OFFICERS, SERGEANTS, LIEUTENANTS, CHIEFS, DIRECTORS and SUPERVISORS 1-20, in their official and individual capacity, and ABC/XYZ DEPARTMENT, COMPANY OR CORPORATION, 1-20**, for any and all sums which it might be held liable to Plaintiffs by reason of the contract in existence between the parties at the time of the occurrence of the alleged incident.

## ANSWER TO CROSS-CLAIMS

Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, by way of Answer to any and all Cross-claims which have been or may be asserted against them, say:

1. The allegations of any Cross-claim are denied and Cross-claimants are not entitled to the relief sought.

**WHEREFORE,** Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**, demand judgment dismissing any Cross-claims, plus costs.

## NOTICE OF ALLOCATION

Please take notice that Defendants, **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota.**, hereby advise that it will seek an allocation of fault as to all other responsible persons and entities, whether or not named in this lawsuit.  Further, if any party settles the within matter with plaintiff at any time prior to the conclusion of trial, or if any party bearing fault for the claimed accident or damages cannot be joined to this action due to Plaintiff's inaction, the liability of any settling or other culpable party shall remain an issue and an

DASTI, MURPHY
McGUCKIN,
ULAKY & CONNORS

COUNSELLORS AT LAW

620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731

allocation shall be sought or percentage of negligence by the fact finder of fact against such settling party.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned counsel hereby certifies that the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration or administrative proceeding and that, to the best of counsel's knowledge, there is no other party who should be joined in this action.

### DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules of Court, Thomas E. Monahan, Esq., has been designated as trial counsel in connection with this matter.

**DASTI, MURPHY, McGUCKIN, et al.**
Attorneys for **Lacey Township, Chief Michael C. DiBella, Sgt. Darrel Nick, Frederick Anderson, Jr., Anthony Sarno, Noah Schaffer and Jeffrey Slota**

By /s/ Patrick F. Varga
**PATRICK F. VARGA**
For the Firm

Date: August 7, 2023

TEM:aae

**DASTI, MURPHY McGUCKIN, ULAKY & CONNORS**
COUNSELLORS AT LAW
620 WEST LACEY ROAD
FORKED RIVER, N.J. 08731